IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02160-BNB

CARL WAYNE COBBS,

   Plaintiff,

v.

HECTOR RIOS, Warden,
JERRY JONES, Associate Warden,
MARIA MEDINA, Associate Warden,
MR. HANSON, Captin [sic],
MR. KRIST, Lieutenant,
MR. FITZGERALD, Lieutenant,
MR. FOSTER, Correctional Officer, and
MR. WHEELER, Correctional Officer,

   Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 4 2007

GREGORY C. LANGHAM
CLERK

## ORDER TO SHOW CAUSE

Plaintiff, Carl Wayne Cobbs, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at USP Florence. Mr. Cobbs initiated this action by filing a *pro se* Prisoner Complaint alleging that his rights under the United States Constitution have been violated. As relief, Mr. Cobbs seeks money damages.

The Court must construe the Complaint liberally because Mr. Cobbs is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Cobbs will be ordered to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Cobbs is a prisoner confined in a correctional facility. He asserts one claim of cruel and unusual punishment. In support of that claim he alleges that Defendants threatened him with murder and assaulted him on August 17, 2006. Because this claim relates to prison conditions, Mr. Cobbs must exhaust the available administrative remedies.

Section 1997e(a) also "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Cobbs must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Mr. Cobbs has not submitted copies of any administrative grievances. Although he alleges that he has exhausted the available administrative remedies, he fails to describe with specificity how he has exhausted those administrative remedies. Instead, he simply asserts that "I filed a Bureau of Prisons (148) 8, 9, 10, and 11 (copies not available." (Prisoner Compl. at 7.) Mr. Cobbs does not describe with specificity how he

has exhausted administrative remedies pursuant to the BOP administrative remedy procedure. See 28 C.F.R. §§ 542.10 - 542.19.

In particular, Mr. Cobbs does not allege the dates he filed either the grievances or associated appeals regarding the alleged murder threat and physical assault. He also does not describe the content of the grievances, identify the grievance number associated with the grievance, or state when he received responses to the grievances. Therefore, Mr. Cobbs will be ordered to show cause why the Complaint should not be dismissed for failure to satisfy his burden of pleading exhaustion of administrative remedies. In order to show cause, Mr. Cobbs must either attach copies of the grievances he filed or describe with specificity, as instructed above, how he has exhausted his administrative remedies. Accordingly, it is

ORDERED that Mr. Cobbs show cause in writing **within thirty days from the date of this Order** why the Complaint should not be dismissed for failure to satisfy his burden of pleading exhaustion of administrative remedies. It is

FURTHER ORDERED that if Mr. Cobbs fails to show cause to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED January 4, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02160-BNB

Carl Wayne Cobbs
Prisoner No. 35592-083
USP – Terre Haute
PO Box 12015
Terre Haute, TX 47801

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/4/07

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk