IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action NO. 06-cv-02160-EWN-BNB

CARL WAYNE COBBS,

    Plaintiff,

v.

MR. HECTOR RIOS – WARDEN,
MR. JERRY JONES – ASSOCIATE WARDEN,
MRS. MARIA MEDINA – ASSOCIATE WARDEN,
MR. HANSON – CAPTIN,
MR. KRIST – LIEUTENANT,
MR. FITZHGERALD – LIEUTENANT,
MR. FOSTER – CORRECTIONAL OFFICER, and
MR. WHEELER – CORRECTIONAL OFFICER,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Plaintiff has been instructed to make such payments. *See* Order of December 28, 2006 (Doc. # 10).

On February 27, 2007, plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments from January 2007 to the present. Plaintiff was warned that a failure to comply with that Order would result in the dismissal of his complaint

and the action. Notwithstanding that Order and warning, plaintiff has not made any payments, nor has he submitted any inmate account statements showing that he had no assets and no means by which to make a monthly payment. Plaintiff therefore has not complied with the Court's February 27, 2007 Order.

In *Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003), the Tenth Circuit Court of Appeals addressed the issue of the failure of a civil rights plaintiff to comply with a district court's orders to make partial payments towards his filing fee or to show cause why he could not do so. In affirming the district Court's order dismissing the case, the circuit court began its analysis by noting:

> The issue here is not money per se. . . . The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.
>
> \* \* \*
>
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

*Id.* at 1326-27 (internal citations and quotations omitted). Although the misconduct reported in the *Cosby* case was substantially more egregious than the misconduct here, the circuit court noted that its "review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice. *Id.* at 1334.

The plaintiff here has failed to comply with the Court's orders of December 28, 2006, and February 27, 2007. Local rule of practice 41.1, D.C.COLO.LCivR, states:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice.

Before recommending dismissal of a case under Fed. R. Civ. P. 41(b), I must consider and address the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), which include: (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability. (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. *See Cosby*, 351 F.3d at 1333.

I find that any prejudice suffered by the defendants as a result of the plaintiff's failure to comply with the Court's orders is minimal and, without more, would be insufficient to warrant dismissal. [1] *See Ehrenhaus*, 965 F.2d at 921.

With regard to the second factor, the plaintiff's continued failure to comply with Court orders has caused disruption in my docket. Rather than attend to the merits of this case and other cases, I have been required to devote attention to this plaintiff's failure to comply with Court orders and § 1915(b). In addition, as noted in the *Cosby*

---

[1] I note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous prisoner litigation. *Williams v. Roberts*, 116 F.3d 1126,1127-28 (5th Cir. 1997). Defendants, like the courts, are burdened by frivolous prisoner cases. Thus, the defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the Court to exercise its case administration authority. Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, the plaintiff alone is responsible for his failure to comply with the Court's orders and failure to respond at all to the order to show cause [Doc. # 19].

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment or reporting requirements. On February 27, 2007, I directed the plaintiff to pay his fee or show cause why he could not, and warned him that if he failed to comply his cause would be dismissed. Despite this warning, the plaintiff failed to respond at all to the February 27 order.

Finally, I conclude that no sanction less than dismissal would be effective. The plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective. Because the injury from the plaintiff's failures to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct. Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully **RECOMMEND** that the complaint and this action be **dismissed without prejudice** for the plaintiff's failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or to show cause each month that he has no assets with which to make the monthly payments.

**Pursuant to Rule 72(b), Fed. R. Civ. P., the parties have ten (10) days after being served with a copy of this recommendation to file specific written objections.  A party's failure to file specific written objections waives *de novo* review by the district judge, Fed. R. Civ. P. 72(b);** *Thomas v. Arn*, **474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.**  *In re Key Energy Resources Inc.*, **230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for** *de novo* **review by the district jduge or for appellate review.**  *United States v. One Parcel of Real Property*, **73 F.3d 1057, 1060 (10th Cir. 1996).**

DATED May 7, 2007, at Denver, Colorado.

                            BY THE COURT:

                            s/ Boyd N. Boland
                            United States Magistrate Judge